UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

_____
                                                    :
THOMCORP, INC., d/b/a THOMTEC    :   CASE NO: 3:12-cv-01075
INDUSTRIAL SALES COMPANY          :
                                                    :   Judge Kevin H. Sharp
        v.                                         :
                                                    :   Mag. Judge Joe Brown
AMEC INDUSTRY, INC.                     :
_____

PLAINTIFF'S REPLY IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY JUDGMENT

I.   Defendant Is Liable For Breach of the Agreement.

Defendant's claim that it is not liable to ThomCorp, Inc. for breach of the Sales Representation Agreement ("the Agreement") has no merit. From the spring of 2002 until April 30, 2011, the parties operated pursuant to the terms of the Agreement. *See* Ex. A, Land Aff., at ¶¶ 3-5. Plaintiff successfully promoted the sale of the Amec products listed in the Agreement, and Defendant paid Plaintiff 8% commissions on those sales according to the terms of the Agreement. *Id.* Although Defendant neglected to file its Answer until over a year after the Complaint was filed, Defendant admitted in its Answer that it was indeed paying commissions to Plaintiff and quit paying commissions on April 30, 2011. *See* Dkt. #33, at ¶¶ 13-14. Never did Shu Qu or anyone else tell Plaintiff that the original Amec entity no longer existed. *Id.* at ¶ 5. Defendant therefore indisputably operated under and accepted the benefits of the Agreement for nearly a decade.

Defendant acknowledged the existence of the Agreement on April 30, 2011 when it sent the letter to Tom Land "politely requesting" that Plaintiff terminate the Agreement. *See* Ex. A, at ¶ 6 and Ex. 2. Defendant's counsel also acknowledged that the Agreement remained in effect when he provided actual notice of the Agreement's termination in a letter to Plaintiff's counsel

on November 9, 2012: "To the extent that you contend that my client has not given adequate written notice of the termination of the Contract referred to in the Complaint, consider this letter notice of the same." *See* Dkt. #31-7, Ex. 5 to Plaintiff's Statement of Material Facts Not In Dispute.

Moreover, the nature of Defendant's business never changed – it continued to sell the same products as it sold as the first Amec entity. Ex. A, at ¶ 5. Shu Qu also admits that she is the current president of Defendant and has been the president since its inception in June of 2002. *See* Shu Qu Aff., Dkt. #37, at ¶ 2. She then admits that she signed the Sales Representation Agreement with Plaintiff on behalf of the previous Amec entity, which Plaintiff signed on April 15, 2002, less than two months before the creation of the current Amec entity. *Id.* at ¶ 3. Additionally, Shu Qu is listed as the registered agent for *both* the dissolved Amec entity and Defendant. *See* Ex. B.[1] Defendant, through Shu Qu, had actual knowledge of the obligations of the first Amec entity and chose to operate according to the Agreement.

Any mention now of some sort of other verbal contract is not credible. Plaintiff never agreed to any type of oral contract and had no reason to do so since the parties continually operated under the same agreement. Ex. A, at ¶ 8. Defendant provides no evidence regarding the terms of this alleged verbal contract or when it was created. The only contract that Shu Qu of Amec and Tom Land of Plaintiff ever both agreed to, and operated according to for years and years, was the written Agreement. Ex. A, at ¶ 8.

A party cannot just escape its contractual obligations by, unbeknownst to the other party with which it contracts, shifting corporate identities. The parties' Agreement is governed by

---

[1] The Court may take judicial notice of public records. *See AutoZone, Inc. v. Glidden Co.*, 737 F.Supp.2d 936, 942 (W.D. Tenn. 2010) ("Appropriate subjects of judicial notice include matters of public record . . . .").

California law which recognizes that a corporation "cannot escape liability by a mere change of name or a shift of assets when and where is it shown that the new corporation is, in reality, but a continuation of the old." *Blank v. Olcovich Shoe Corp.*, 20 Cal. App.2d 456, 461, 67 P.2d 376 (1937) (attached as Ex. C, per L.R. 7.01(e)(3)); *see also McClellan v. Northridge Park Townhome Owners Ass'n, Inc.*, 89 Cal. App.4th 746, 754, 107 Cal.Rptr.2d 702, 707 (2001) (same; citing *Blank*) (attached as Ex. D, per L.R. 7.01(e)(3)).; *see* Ex. 1, at Ex. 1, § 4.H.. California law also recognizes that if a corporation expressly or impliedly assumes the obligations of the first corporation, then it is liable for those obligations. *McClellan*, 89 Cal.App.4th at 754, 107 Cal.Rptr.2d at 707 (citations omitted).[2] Additionally, under California law, contracts are freely transferable like any other property. *Superbrace, Inc. v. Tidwell*, 124 Cal.App.4th 388, 401, 21 Cal.Rptr.3d 404, 413 (2004) (attached as Ex. E, per L.R. 7.01(e)(3)).

Defendant had actual notice of the Agreement with Plaintiff by virtue of Shu Qu's leadership of both Amec corporations. Defendant expressly and impliedly assumed the Agreement by accepting the benefits of the Agreement for nine years, paying commissions according to its terms for nine years, and expressly acknowledging that the Agreement was in effect by giving notice according to it and requesting its termination. Nothing in the Agreement restricted the first Amec entity's ability to transfer the contract to Defendant. Accordingly, Defendant is liable for its admitted breach of the Agreement by failing to provide adequate notice of termination and failing to pay commissions as a matter of law.

---

[2] Likewise, Tennessee law recognizes that a corporation is liable for the obligations that is expressly or impliedly assumes. *See Hopewell Baptist Church v. Southeast Window Manufacturing Co., LLC*, No. E2000-02699-COA-R3-CV, 2001 WL 708850, at *4 (Tenn. Ct. App. June 25, 2001). Under Tennessee law, contract rights are generally assignable unless such assignment changes the obligor's position to his detriment or increases the burden or risk imposed on him by the contract. *Williamson County Broadcasting Co. v. Intermedia Partners,* 987 S.W.2d 550, 553 (Tenn. Ct. App. 1998).

3

II.  Defendant Violated Tenn. Code Ann. § 47-50-114 as a Matter of Law.

Defendant again argues that it could not have violated the Tenn. Code Ann. § 47-50-114 because it was not a party to the written Agreement. For the reasons articulated above, Defendant assumed the obligations of the Agreement and ratified it by accepting the benefits of the Agreements for almost 10 years, operating pursuant to its terms for almost 10 years, acknowledging the Agreement's existence in writing, and never informing Plaintiff that the original Amec entity no longer existed so that the parties could enter into a new contract.

Additionally, Defendant has intentionally and knowingly failed to pay the commissions owed to Plaintiff and continues to engage in efforts to sandbag Plaintiff with its current argument regarding its corporate form. Accordingly, Defendant has acted in bad faith and Plaintiff is entitled to exemplary damages under the statute.

## CONCLUSION

Plaintiff Plaintiff ThomCorp, Inc. d/b/a ThomTec Industrial Sales Company respectfully requests that the Court issue an order granting partial summary judgment in its favor as to Defendant's liability only for Count I – Breach of Contract and Count II – Violation of the Tennessee Sales Representative Statute and finding that Plaintiff is entitled to commissions on all sales into its exclusive territory through February 7, 2013, which is the end of the 90-day notice period related to the proper notice of termination provided on November 9, 2012, and on the life of extended delivery orders.

Dated:  December 10, 2013                KRAMER & KRAMER, LLP

By:  */s/ Mitchell A. Kramer*
Mitchell A. Kramer
1077 Rydal Road, Suite 100
Rydal, PA  19046
(215) 887-9030
mkramer@kramerandkramer.com

4

CO-COUNSEL:

Angela K. Washington
Washington Law, PLLC
4322 Harding Pike
Suite 417, PMB 74
Nashville, TN 37205
 (615) 708-1088
akwash64@gmail.com

# CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of December 2013, a true and correct copy of Plaintiff's Reply in Support of its Motion for Partial Summary Judgment was served electronically via the Electronic Case Filing System on the following person(s):

>J. Ross Pepper
>Pepper & Brothers, PLLC
>2323 21st Avenue South, Suite 502
>Nashville, Tennessee 37212
>rpepper@pepperbrotherslaw.com

>*/s/ Mitchell A. Kramer*
>Mitchell A. Kramer